IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONALD MATHIS                                                                                         PLAINTIFF

    v.                              Civil No.1:08-cv-01023

UNION COUNTY JAIL                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Donald Ray Mathis (hereinafter Mathis) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 11, 2008. His complaint was provisionally filed prior to a determination of his status as a pauper and whether service of process should issue. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On April 11, 2008, I entered an order (Doc. 2) provisionally filing the complaint and directing Mathis to complete and return an *in forma pauperis* (IFP) application or pay the filing fee by April 28, 2008. Mathis was advised if he failed to return the IFP application or pay the filing fee by April 28th, the complaint would become subject to summary dismissal for failure to obey an order of the court.

On April 24th, Mathis submitted an application to proceed IFP (Doc. 3). However, he failed to have the prison account certificate portion of the IFP application completed by authorized personnel at the facility at which he is confined, the Cummins Unit of the Arkansas Department of Correction.

On May 13, 2008, I entered another order (Doc. 6) giving Mathis until June 3, 3008, to return the completed IFP application to the court or pay the filing fee. Mathis was once again advised that

failure to return the completed application or pay the filing fee would subject the case to summary dismissal.  To date, Mathis has failed to return the completed IFP application or pay the filing fee.  Mathis has not sought an extension of time to comply with the court's order.  He has not otherwise communicated with the court.

On May 13, 2008, I also entered a second order (Doc. 5) directing Mathis to complete and return an addendum to his complaint.  The addendum was to be filed by June 11th.  Mathis was advised that failure to comply with this order would subject the case to summary dismissal.  To date Mathis has not filed his addendum.  He has not sought an extension of time to comply with the court's order.

I therefore recommend Mathis' complaint be dismissed on the grounds he has failed to obey the orders of this court.   *See* Fed. R. Civ. P. 41(b).  **Mathis has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Mathis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2008.

/s/ Barry A. Bryant  
BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE